IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **TAMABO, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:17-cv-750** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **KONINKLIJKE PHILIPS N.V.,** | § | |
| | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Tamabo, Inc. ("Tamabo") and files this Original Complaint for Patent Infringement against Defendant Koninklijke Philips N.V. ("Philips"), alleging as follows:

### I.  NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II.  THE PARTIES

2. Plaintiff **Tamabo, Inc.** is a Texas corporation that maintains its principal place of business in Marshall, Texas.

3. Defendant **Koninklijke Philips N.V.** is a company organized in The Netherlands that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Amsterdam, The Netherlands.

### III.  JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific personal jurisdiction over Philips pursuant to due process and the Texas Long Arm Statute because Philips, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3) and 1400(b) for the reasons set forth above.

### IV.  BACKGROUND

**A.    The '130 Patent and its History**

7. This cause of action asserts infringement of United States Patent No. 6,599,130 (the "'130 Patent").

8. A true and correct copy of the '130 Patent, entitled "Iterative Video Teaching Aid With Recordable Commentary and Indexing," and with Armin Moehrle ("Moehrle") as the named inventor, is attached hereto as Exhibit A.

9. Tamabo is the current owner by assignment of all rights, title, and interest in and under the '130 Patent, which duly and legally issued on July 29, 2003. Tamabo has standing to sue for infringement of the '130 Patent.

10. The subject matter of the '130 Patent stems from Moehrle's research at the Rush Medical Center in Chicago in the fall of 1998, when Moehrle was a graduate student at the Illinois Institute of Technology. Moehrle's research focused on how the workflow of interpreting and reporting medical images differed between using film images and using digital images.

11. During his research, Moehrle documented how radiologists interpreted and annotated film images on a light box and communicated their findings to colleagues and patients by pointing at the annotations.

12. Moehrle also documented how radiologists interpreted digital images on a computer screen, dictated or entered their interpretations into a separate computer system, and communicated their findings to colleagues and patients by pointing at the computer screen. Moehrle observed that, as a physician pointed at the computer screen, the physician would frequently leave fingerprints behind. Moehrle realized that those fingerprints represented critical connections between specific image areas and the reasoning of the image interpreter. Moehrle thus decided to improve the quality and efficiency of digital image interpretation by creating a workflow that allowed the direct annotation of digital images (such as had existed with film images) and added recordable indexing to increase efficiency.

**B.     Philips**

13.    Philips, directly or through intermediaries, makes, uses, sells, or offers to sell within the United States, or imports into the United States, radiology analytics systems (the "Philips Accused Products"), including but not limited to the Philips IntelliSpace Portal.

14.    The Philips Accused Products are used in this District by radiology service providers such as the University of Texas at Tyler University Health Clinic.

15.    By selling and/or offering to sell the Philips Accused Products, Philips, directly or through intermediaries, purposefully and voluntarily places the Philips Accused Products into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District.

## V.  NOTICE AND MARKING

16.    The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

17.    At all times, each and every patentee of the '130 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '130 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

18.    Philips has been on written notice of the '130 Patent and Philips' infringement thereof since on or about July 12, 2013.

## VI.  CLAIM FOR INFRINGEMENT OF THE '130 PATENT

19.    The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein and form the basis for the following cause of action against Philips.

20.    The Philips Accused Products are covered by at least claim 17 of the '130 Patent.

21.     Philips has directly infringed and continues to infringe at least claim 17 of the '130 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Tamabo's authority, making, using, selling, or offering to sell the Philips Accused Products in the United States, or importing the Philips Accused Products into the United States.

22.     Further and in the alternative, at least since July 12, 2013, Philips has been and now is actively inducing infringement of at least claim 17 of the '130 Patent in violation of 35 U.S.C. § 271(b). Users of the Philips Accused Products directly infringe at least claim 17 of the '130 Patent when they use the Philips Accused Products in the ordinary, customary, and intended way. Philips' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Philips Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Philips Accused Products to consumers within the United States and instructing such consumers (for example in instructional manuals or videos that Philips provides online or with the Philips Accused Products) how to use the Philips Accused Products in the ordinary, customary, and intended way, which Philips knows or should know infringes at least claim 17 of the '130 Patent.

23.     Further and in the alternative, at least since July 12, 2013, Philips has been and now is actively contributing to infringement of at least claim 17 of the '130 Patent in violation of 35 U.S.C. § 271(c). Philips installs, configures, and sells the Philips Accused Products with one or more distinct components, including but not limited to Multi Modality Tumor Tracking functionality (collectively, the "Accused Components"), each of which is especially made or especially adapted to practice the invention claimed in at least claim 17 of the '130 Patent. Each Accused Component within the Philips Accused Products constitutes a material part of the

claimed invention recited in at least claim 17 of the '130 Patent and not a staple article or commodity of commerce because it is specifically configured according to at least claim 17 of the '130 Patent. Philips' contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, the Philips Accused Products, which include one or more Accused Components, knowing each Accused Component to be especially made or especially adapted for use in an infringement of at least claim 17 of the '130 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

24. Philips' infringement of the '130 Patent has been and continues to be willful and deliberate.

## VII.  VICARIOUS LIABILITY

25. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

26. In addition to liability for its own independent conduct, Philips is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## VIII.  DAMAGES

27. The allegations of each foregoing paragraph are incorporated by reference as if fully set forth herein.

28. For the above-described infringement, Tamabo has been injured and seeks damages to adequately compensate it for Philips' infringement of the '130 Patent. Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284, together with Tamabo's costs and expenses, pre-judgment and post-judgment

interest, and supplemental damages for any continuing post-verdict or post-judgment infringement, with an accounting as needed.

29. As set forth above, Philips' infringement of the '130 Patent has been and continues to be willful, such that Tamabo seeks treble damages under 35 U.S.C. § 284 as appropriate.

30. Philips' willful infringement of the '130 Patent renders this case exceptional under 35 U.S.C. § 285, such that Tamabo seeks all reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest thereon.

## IX. PRAYER FOR RELIEF

Tamabo respectfully requests the following relief:

a. A judgment in favor of Tamabo that Philips has infringed the '130 Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A permanent injunction enjoining Philips, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and services embodying the inventions claimed in the '130 Patent;

c. A judgment and order requiring Philips to pay Tamabo its damages, costs, expenses, and pre-judgment and post-judgment interest for Philips' infringement of the '130 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

      d.    A judgment and order requiring Philips to pay Tamabo enhanced damages for willful infringement as provided under 35 U.S.C. § 284;

      e.    A judgment and order finding this case exceptional and requiring Philips to pay Tamabo its reasonable attorneys' fees and costs incurred in this litigation pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest thereon; and

      f.    Such other and further relief as the Court deems just and proper.

## X.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Tamabo requests a jury trial of all issues triable of right by a jury.

Dated:  November 21, 2017                              Respectfully Submitted,

                                                                       By:  /s/ William E. Davis, III
                                                                       William E. Davis, III
                                                                       Texas State Bar No. 24047416
                                                                       bdavis@bdavisfirm.com
                                                                       Debra Coleman (Of Counsel)
                                                                       Texas State Bar No. 24059595
                                                                       dcoleman@bdavisfirm.com
                                                                       **The Davis Firm, PC**
                                                                       213 N. Fredonia Street, Suite 230
                                                                       Longview, Texas 75601
                                                                       Telephone: (903) 230-9090
                                                                       Facsimile: (903) 230-9661

                                                                       *Counsel for Plaintiff Tamabo, Inc.*